UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MERCEDES CERVANTES, | ) | No. 12 B 26295 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MERCEDES CERVANTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 A 01630 |
| | ) | |
| HBLC, INC., | ) | |
| | ) | |
| Defendant. | ) | Honorable Janet S. Baer |

MEMORANDUM OPINION

Mercedes Cervantes ("Debtor") commenced the above-captioned adversary proceeding by filing a complaint under § 547 of the Bankruptcy Code to avoid a preferential transfer of alleged exempt property (the "Complaint").[1] This matter is before the Court on Defendant HBLC, Inc.'s ("HBLC") motion to dismiss the adversary proceeding for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court will grant the motion to dismiss.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (F).

**Background**

The following facts are drawn from the Complaint and are accepted as true for purposes of the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to

---

[1] Unless otherwise noted, all statutory and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, and the Federal Rules of Bankruptcy Procedure.

1

adversary proceedings by Rule 7012(b). *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). In addition, the Court takes judicial notice of the docket in this case, including all documents and pleadings filed, all orders entered, and all arguments made at the hearings held before the Court during the pendency of this case. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Brent*, 458 B.R. 444, 455 n.5 (Bankr. N.D. Ill. 2011) (authorizing a bankruptcy court to take judicial notice of its own docket).

The Debtor filed a chapter 7 petition for relief on June 29, 2012. In her schedule of exempt property, the Debtor claimed a personal property exemption of $634.92, pursuant to 735 ILCS 5/12-1001(b), for "wages withheld in 90 days prior to petition." In her Statement of Financial Affairs, under Section 4, titled "Suits and administrative proceedings, executions, garnishments and attachments," the Debtor listed a collection suit styled "HBLC v. Cervantes, 2011 M1 182680." She represented the status as: "Judgment entered, citation to discover assets issued." Pursuant to a citation to discover assets, and an order for installment payment of judgment, money was withheld from Debtor's wages starting with the pay period ending April 13, 2012.

On Schedules D, E, and F, the Debtor ostensibly scheduled all creditors holding claims. Curiously, though, the Debtor failed to schedule HBLC as a claimant. As a result, it appears that HBLC was not sent and did not receive a copy of the schedules or any notice of the bankruptcy case through the Court's notice system or a separate notice of filing.

The Debtor filed an amended schedule of exempt property on September 13, 2012, in which she again claimed the $634.92 exemption for "wages withheld in 90 days prior to petition." The creditors' meeting was held on the same day. The chapter 7 trustee filed a no-asset report on September 14, 2012, discharge was entered on October 30, 2012, and the case was closed on November 2, 2012.

Prior to the closing of the case, the Debtor filed a "Notice of Filing" of Amended Schedules B and C. The notice was served on October 5, 2012 on the United States Trustee, the chapter 7 trustee, and the creditor mailing matrix. HBLC did not receive the notice because it was omitted from the matrix. On October 24, 2012, the Debtor filed the Complaint. Summons was issued on HBLC, but no proof of service has been filed as to the summons. Nonetheless, HBLC filed the instant Motion to Dismiss in Lieu of Answer. The Debtor filed a response, HBLC a reply, and the Court took the matter under advisement.

DISCUSSION

For the reasons set forth herein, HBLC's motion will be granted. The Complaint fails to state a claim under §§ 522 and 547 of the Bankruptcy Code and Chapter 735, Act 5, Section 12-1001 of the Illinois Compiled Statutes.

The standards for deciding a 12(b)(6) motion to dismiss are well-established and will not be repeated here. *See In re Braverman*, 463 B.R. 115, 118-19 (Bankr. N.D. Ill. 2011). To determine whether the Complaint passes muster, the Court turns to the Bankruptcy Code and Rules and applicable provisions of state law.

### Avoidance of Exempted Preferential Transfers

The filing of a chapter 7 petition creates an estate comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Subject to exceptions not relevant here, § 547 of the Bankruptcy Code empowers the bankruptcy trustee to avoid certain transfers made prior to the petition date. The Code allows a debtor to avoid a transfer under § 547 if the trustee has not done so. Section 522(h) provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). For a debtor to avoid a transfer under § 522(h), the transfer must be avoidable by the trustee pursuant to § 522(g)(1), which provides in relevant part:

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, *to the extent that the debtor could have exempted such property under subsection (b) of this section* if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

3

11 U.S.C. § 522(g)(1) (emphasis added). Thus, to state a valid claim to avoid a preferential transfer of exempt property, the Complaint must allege sufficient facts with respect to the following five elements: "(1) the transfer was not voluntary; (2) the transfer was not concealed; (3) the trustee did not attempt to avoid the transfer; (4) the debtor seeks the avoidance pursuant to §§ 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code; and *(5) the transferred property is of a kind that the debtor would have been able to exempt from the estate if the trustee had avoided the transfer under one of the provisions in § 522(g)*." See *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002); cf. *Dickson v. Countrywide Home Loans (In re Dickson)*, 655 F.3d 585, 592 (6th Cir. 2011) (emphasis added). As to the first four elements, the Complaint easily passes the test. However, the Complaint fails as to the fifth element: Whether the Debtor would have been able to claim the wages as exempt.

### The Illinois Wildcard Exemption

Pursuant to § 522(b), debtors may exempt certain property from property of the estate. One of the exemptions available to a chapter 7 debtor in Illinois is the so-called "wildcard exemption," which allows a debtor to "exempt from judgment, attachment, or distress for rent . . . [t]he debtor's equity interest, not to exceed $4,000 in value, in any other property." *In re Youngblood*, 212 B.R. 593, 595 (Bankr. N.D. Ill. 1997); 735 ILCS 5/12-1001(b).

There is no question the Debtor is attempting to use her wildcard exemption to claim a personal property exemption in the $634.92 at issue. What fuels this dispute is the caveat contained in the final sentence of the Illinois exemption statute, which reads as follows: "The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor *that are required to be withheld in a wage deduction proceeding under Part 8 of this Article XII*." 735 ILCS 5/12-1001 (emphasis added). HBLC argues, as a general proposition, that the Debtor cannot claim an exemption in withheld wages, regardless of the process by which the wages were withheld. The Debtor argues a more nuanced approach, focusing instead on the specific statutory language. The Debtor asserts that the wages in this case were not "required to be withheld in a wage deduction proceeding under Part 8 of this Article XII." Rather, they were withheld pursuant to a citation to discover assets, which is a special proceeding under Part 14 of Article II, as opposed to a wage deduction proceeding under Part 8 of Article XII.

The Court finds the Debtor's argument appealing on its face, but ultimately incorrect. Delving deeper into the statute reveals where the Debtor's argument fails. Section 2-1402 of the Illinois Code of Civil Procedure sets forth procedures that a judgment creditor may follow in seeking satisfaction of a judgment. A creditor may commence these procedures by serving a citation to discover assets on either the judgment debtor or a third party holding property of the judgment debtor. 735 ILCS 5/2-1402(a). "The citation statute's primary aim is to provide creditors a means of discovering hidden assets of recalcitrant debtors." *In re Mayer*, 388 B.R.

4

869, 873 (Bankr. N.D. Ill. 2008). When nonexempt assets have been discovered, the court may enter an order compelling turnover of the judgment debtor's assets, garnishment of funds due the judgment debtor, or sale of discovered property. 735 ILCS 5/2–1402(c)(1)-(6). Most relevantly:

> If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801, *the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding* including but not limited to the granting of the statutory exemptions allowed by Section 12-803 and all other remedies allowed plaintiff and defendant pursuant to Part 8 of Article 12 of this Act.

*Id.* at 5/2-1402(k-5) (emphasis added).

The Debtor asserts that the wages were withheld pursuant to a citation to discover assets. They were, in the temporal sense that the citation to discover assets was issued prior to the wages being withheld. Stated more accurately, the wages were withheld pursuant to an order entered pursuant to a citation to discover assets. A citation to discover assets is simply a means, not the end. In this case, the citation to discover assets was the means chosen by HBLC to achieve its desired end—an order for installment payment of judgment. That order, while obtained pursuant to special proceeding under Part 14 of Article II, is treated as an order obtained pursuant to a wage deduction proceeding under Part 8 of Article XII. *See* 735 ILCS 5/2–1402(k-5). As a result, wages withheld pursuant to the order are immunized against Debtor's claim of exemption.

The Court concludes that Illinois debtors may not rely on the wildcard exemption to claim an exemption in withheld wages. Because the Debtor's withheld wages may not be exempted under Illinois law, the Complaint fails to state a valid claim to avoid a preferential transfer of exempt property. Therefore, HBLC's motion to dismiss will be granted.

### HBLC's Failure to Object under § 522(*l*) and Rule 4003

An interesting question, not raised by the parties, is whether the wages became incontestably exempt based on HBLC's failure to object timely to Debtor's claim of exemption. Because of due process concerns, the Court does not reach the issue. The creditor's meeting took place on September 13, 2012, the same day Debtor filed her amended schedules. Any objection to Debtor's claim of exemption was due thirty days thereafter. None was filed. As stated previously, however, the Debtor omitted HBLC from her creditor mailing matrix. HBLC did not receive adequate notice of the bankruptcy filing, schedules, or amended schedules. Therefore, the Court does not consider HBLC's failure to object as a ground for denying the motion to dismiss.

## Conclusion

For the foregoing reasons, HBLC's motion to dismiss the adversary proceeding is granted. A separate order will be entered consistent with this Memorandum Opinion.

Dated: May 9, 2013

_____
Janet S. Baer
United States Bankruptcy Judge